UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                      CIVIL ACTION

SGT. LEONARD HOLLINS, ET AL                 NUMBER 11-850-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 18, 2012.

                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                           CIVIL ACTION

SGT. LEONARD HOLLINS, ET AL                      NUMBER 11-850-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of Sgt. Leonard Collins. Record document number 10. The motion is opposed.[1]

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Leonard Hollins, Maj. T. Butler, EMT Mike and Sgt. Stroud. Plaintiff alleged that defendants Sgts. Hollins and Stroud failed to protect him from attack by a fellow inmate, EMT Mike denied him adequate medical attention, and Maj. Butler denied him due process at a disciplinary board hearing, all in violation of his constitutional rights.

Defendant Sgt. Hollins moved for summary judgment relying on a statement of undisputed facts, the affidavit of Trish Foster and the results of Administrative Remedy Procedure ("ARP") LSP-2011-

---

[1] Record document number 12.

2236, a true copy of which was previously filed in the record.[2]

## I. Factual Allegations

Plaintiff alleged that in June 2011, Sgt. Hollins threatened to have someone harm him in the near future. Plaintiff alleged that on July 7, 2011, he sent a letter to Investigative Services informing them that he needed to be moved for his own safety. Plaintiff alleged that sometime prior to August 10, 2011, he told Sgt. Hollins, Sgt. Stroud, Capt. Bradley and other unidentified corrections officers that he had a "beef" with another inmate.

Plaintiff alleged that on August 10, 2011, Sgt. Hollis opened the wrong cell door and another inmate exited his cell and attacked the plaintiff. Plaintiff alleged that Sgt. Hollis ordered him to enter his cell before Sgt. Hollins made good on his earlier promise.

Plaintiff alleged that he was examined by EMT Mike following the incident and that he told EMT Mike that he had sustained several injuries during the attack. Plaintiff alleged that EMT Mike instructed him to request sick call to address his medical concerns. Plaintiff alleged that EMT Mike refused to document his medical complaints in his presence.

Plaintiff alleged that he appeared before the disciplinary

---

[2] Maj. Butler, EMT Mike and Sgt. Stroud were not served with the summons and complaint and did not participate in the defendant's motion for summary judgment.

board on the disciplinary report written by Sgt. Hollins. Plaintiff alleged that he entered a plea of not guilty and argued that he acted in self-defense. Plaintiff alleged that Maj. Butler found him guilty of the disciplinary infraction and he was sentenced to Camp J.

## I. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust Available Administrative Remedies

Sgt. Hollins argued in his motion for summary judgment that the plaintiff failed to exhaust available administrative remedies before filing suit regarding the claims raised against him in the complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged in his complaint that he filed ARP LSP-2011-

2236 regarding the claims raised in the complaint.³ Plaintiff conceded in the complaint that the ARP was rejected on grounds that it contained multiple complaints.⁴

**1. Disciplinary Board Appeal No. LSP-2011-0438-W**

The record evidence showed that the plaintiff appealed the decision of the disciplinary board which was assigned as Disciplinary Board Appeal No. LSP-2011-0438-W.⁵ Plaintiff complained that because the disciplinary report stated that the officer opened the wrong cell door and a prisoner has a right to protect himself from attack by another inmate, his motion to dismiss based on self-defense should have been granted by the disciplinary board.⁶ The appeal was denied by the Warden on September 15, 2011.⁷

The record evidence showed that the plaintiff did not allege any facts in his disciplinary board appeal regarding the defendant's alleged failure to protect him from attack by a fellow inmate. The record evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his failure to

---

³ Record document number 1, p. 3, ¶ II. C. 1.

⁴ *Id.* at ¶ II. C. 3.

⁵ Record document number 9, pp. 8-14.

⁶ *Id.* at 13-14.

⁷ *Id.* at 8.

protect claim against Sgt. Hollins in his disciplinary board appeal.

## 2. ARP LSP-2011-2236

The summary judgment evidence showed that ARP LSP-2011-2236 was signed by the plaintiff on August 18, 2011, was received by prison officials on August 26, 2011, and was placed on backlog.[8] In his ARP the plaintiff complained that on August 10, 2011, he was attacked by a fellow inmate after Sgt. Hollins opened the wrong cell door. Plaintiff further complained that EMT Mike failed to completely document his injuries so as to cover up the negligent actions of the officers. Plaintiff complained that prior to the incident on August 10, he advised Capt. Bradley and other correctional officers that inmate Ashley was his enemy and that he wanted to be moved to another unit, but the corrections officers failed to take any action on his request. Plaintiff complained that on August 9, Sgt. Stroud was made aware of his conflict with inmate Ashley, but Sgt. Stroud took no action to protect him from the inmate. Plaintiff further complained that prior to the incident on August 10, Sgt. Hollins threatened to have him harmed. Finally, the plaintiff complained that he was denied due process at the disciplinary board hearing.

The summary judgment evidence showed that the ARP was rejected

---

[8] Record document number 9, p. 5.

6

on grounds that the ARP contained multiple complaints.[9]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(J)(1). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. If a request is rejected, it must be for one of the enumerated reasons, which must be noted on the request for administrative remedy. *Id*. at § 325(I)(1). An administrative grievance may be rejected on grounds that the offender has requested a remedy for more than one incident, i.e., a multiple incident complaint. *Id*. at § 325(I)(1)(g).

The summary judgment evidence supports finding that the plaintiff failed to exhaust available administrative remedies regarding his failure to protect claim against Sgt. Hollins prior to filing suit, as required by 42 U.S.C. § 1997e(a).

In his opposition to the defendant's motion for summary judgment, the plaintiff argued that after ARP LSP-2011-2236 was rejected he submitted a second ARP on September 20, 2011, which was also rejected by prison officials.[10] Although the defendant denied

---

[9] *Id*. at 4.

[10] Record document number 12-1, p. 3-4.

that the second ARP was received by prison officials,[11] his assertion is factually unsupported and is insufficient to create a disputed issue of material fact. Nonetheless, a review of the ARP purportedly submitted after the ARP LSP-2011-2236 was rejected showed that it too contained multiple complaints - failure to protect by Sgt. Hollins and a complaint that he had a valid defense to the disciplinary charge.[12] Even if the plaintiff did submit, a second ARP, it was also subject to rejection.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed on behalf of Leonard Hollins be granted and the claims against him be dismissed for failure to exhaust available administrative remedies, and with prejudice to refiling the complaint in forma pauperis.[13]

Baton Rouge, Louisiana, May 18, 2012.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Record document number 10-4, p. 5.

[12] Record document number 12-1, p. 15. It not clear whether this is a photo copy of that ARP or a second version of it written by the plaintiff.

[13] *Underwood v. Wilson*, 151 F.3d at 296.

8