UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                          CIVIL ACTION

SGT. LEONARD HOLLINS, ET AL                     NUMBER 11-850-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 24, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE ARITA (#422864)

VERSUS                                          CIVIL ACTION

SGT. LEONARD HOLLINS, ET AL                     NUMBER 11-850-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Plaintiff was ordered to show cause why the complaint should not be dismissed for failure to serve defendants Maj. Butler, EMT Mike and Sgt. Stroud within the time allowed by Rule 4(m), Fed.R.Civ.P. Record document number 21.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Leonard Hollins, Maj. T. Butler, EMT Mike and Sgt. Stroud. Plaintiff alleged that defendants Sgts. Hollins and Stroud failed to protect him from attack by a fellow inmate, EMT Mike denied him adequate medical attention, and Maj. Butler denied him due process at a disciplinary board hearing, all in violation of his constitutional rights.[1]

Plaintiff was ordered to show cause on July 18, 2012, why the complaint should not be dismissed as to defendants Maj. Butler, EMT Mike and Sgt. Stroud for failure to serve the defendants within the

---

[1] The claims against Sgt. Hollins were previously dismissed. Record document number 20.

time allowed by Rule 4(m), and was placed on notice that the failure to comply with the order may result in the dismissal of the complaint as to Maj. Butler, EMT Mike and Sgt. Stroud.  Plaintiff failed to respond to the order to show cause.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service.  *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*.  In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).  It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days."  *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

A review of the record showed that Maj. Butler, EMT Mike and Sgt. Stroud were not served with the summons and complaint. According to the U.S. Marshal Service Process Receipt and Return 285-Form, service was not accepted for these defendants without first names.[2] Plaintiff was given notice that service was not made on these defendants.[3] In addition, the plaintiff was provided a second notice in the magistrate judge's report issued May 18, 2012.[4]

The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has not shown good cause for failure to timely effect service.

---

[2] Record document number 7.

[3] Record document number 6.

[4] Record document number 15, p. 2, n. 2.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Maj. Butler, EMT Mike and Sgt. Stroud be dismissed for failure to timely serve these defendants pursuant to Rule 4(m), Fed.R.Civ.P. and this action be dismissed.

Baton Rouge, Louisiana, July 24, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE